R. Wardell Loveland, Esq. – SBN 127736
Matthew D. Lenhardt, Esq. – SBN 271342
**CODDINGTON, HICKS & DANFORTH**
A Professional Corporation, Lawyers
555 Twin Dolphin Drive, Suite 300
Redwood City, CA  94065-2133
Telephone: (650) 592-5400
Facsimile:  (650) 592-5027
E-mail: rloveland@chdlawyers.com

**ATTORNEYS FOR** Defendant
Integon National Insurance Company

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE LYNN FOLTZ, <br><br> Plaintiff, <br><br> vs. <br><br> INTEGON NATIONAL INSURANCE CO. and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. <br><br> NOTICE OF REMOVAL FROM THE MERCED COUNTY SUPERIOR COURT |

TO THE CLERK OF THE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that defendant INTEGON NATIONAL INSURANCE COMPANY (hereinafter referred to as "Integon"), hereby removes this action from the Superior Court of the County of Merced to the United States District Court for the Eastern District of California, Fresno Division.

I.  **PROCEDURAL HISTORY**

On or about May 5, 2014, plaintiff, Jamie Lynn Foltz, filed in the Superior Court for the State of California in and for the County of Merced, an action entitled *Jamie Lynn Foltz, Plaintiff v. Integon National Insurance Co., and DOES 1 through 15, inclusive, Defendants*, Case No. CVM018227 (hereinafter referred to as "the Action").  A true and correct copy of the

complaint is attached hereto as Exhibit A.  On or about May 13, 2014, Integon was served with the summons and complaint.

## II. BASES FOR REMOVAL – DIVERSITY JURISDICTION

Removal of the Action is appropriate under 28 U.S.C. § 1441(a), because this Court would have had original diversity jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1332 had plaintiff elected to file the Action initially in federal court.

Defendant, Integon, is a citizen of a state other than the state of citizenship of the plaintiff.  The amount in controversy exceeds $75,000, exclusive of interests and costs.  No defendant is a citizen of California.

### A. There Is Complete Diversity Of Citizenship

For diversity purposes, a corporation is deemed to be a citizen of its state of incorporation and of the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  Defendant Integon is incorporated in Delaware; it has its principal place of business in Winston-Salem, North Carolina.  Integon is informed and believes that plaintiff is a citizen of the State of California.    Accordingly, there is complete diversity of citizenship.

### B. The Amount In Controversy Requirement Is Satisfied

The amount in controversy in this case exceeds the $75,000 minimum requirement for the exercise of diversity jurisdiction under 28 U.S.C. § 1332(a).

Plaintiff alleges that Integon "tortuously depriv[ed] [her] of the full and complete benefits to which she was and is entitled [to] under the policy." Complaint, ¶ 17.  Specifically, she claims that Integon has "failed to provide [her] with the insurance coverage as expressly required under the policy for the total loss of [her] 2005 Nissan Altima.  *Id.* at ¶ 23.  Plaintiff also alleges that she has "incurred attorneys fees and costs in her attempt to obtain the benefits to which [she] is entitled under the policy" and that "the amount of these fees are increasing on an ongoing basis and as a result these damages will be established at the time of trial." *Id.* ¶ 31.

Plaintiff additionally alleges that as a result of Integon's conduct she has suffered "mental and emotional distress and discomfort in an amount not yet fully ascertained, but in excess of the jurisdictional minimum limits of this court." Complaint, ¶ 32.  She further claims

to have "suffered damages in the form of being denied the full and complete benefits to which she was entitled under the policy, as well as additional economic damages." *Id.*

In addition, plaintiff alleges that Integon acted with an "intent to deliberately harm plaintiff and constitutes a continuing tort causing plaintiff to continue to suffer damages as described herein above beyond the date of the filing of this action." Complaint, ¶ 33. Finally, plaintiff claims that Integon's allegedly wrongful conduct as recounted in the complaint was done with "fraud, malice, [and] oppression as defined in California Civil Code § 3294 . . . Therefore, plaintiff is entitled to recover exemplary damages from Integon pursuant to Civil Code § 3294." *Id.* at ¶ 34.

Plaintiff prays, inter alia, for general, special, economic and consequential damages, as well as punitive damages and attorney's fees. Complaint at p. 7.

### III. RECEIPT OF INITIAL PLEADINGS

Integon was served with the summons and complaint in the Action on May 13, 2014. See Exhibit A.

### IV. VENUE OF REMOVED ACTION

This Court is the United States District Court for the district embracing the place where the State Court action is pending (the Superior Court for the County of Merced). Therefore, pursuant to 28 U.S.C. §§ 1441(b) and 1446 and this Court's Civil Local Rule 120(d), the United States District Court for the Eastern District of California, Fresno, Bakersfield or Yosemite National Park Divisions are all appropriate Courts for the removal of the Action.

### V. CONCLUSION

Integon respectfully requests that the Action be removed from the State Court in which it was filed, to the United States District Court, Eastern District of California, Fresno Division.

Dated: June 11, 2014                             CODDINGTON, HICKS & DANFORTH

By: _____/s/_____
R. Wardell Loveland
Matthew D. Lenhardt
Attorneys for Defendant
Integon National Insurance Co.