EXHIBIT A

Case 1:14-cv-00907-KJM-MJS Document 1-1 Filed 06/12/14 Page 2 of 18

#9881291

05/05/2014 14:47 2093830311 LEGAL SUPPORT NET PAGE 04/06

6-12-14

# SUMMONS
## (CITACIÓN JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOTICE TO DEFENDANT: INTEGON NATIONAL INSURANCE CO. and
(AVISO AL DEMANDADO): DOES 1 through 50, inclusive

2014 MAY -5 PM 2:17

CLERK OF THE SUPERIOR COURT
BY SHELLY REYES
DEPUTY

YOU ARE BEING SUED BY PLAINTIFF: JAMIE LYNN FOLTZ
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):
MERCED COUNTY SUPERIOR COURT
627 W. 21st Street
Merced, CA 95340

CASE NUMBER: CVM018227

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
James H. Wilkins, #116364           (559)438-2390    Fax: (559)438-2393
Wilkins, Drolshagen & Czeshinski LLP
6785 N. Willow Ave.
Fresno, CA 93710

DATE: MAY 05 2014         Clerk, by LINDA ROMERO SOLES / SHELLY REYES, Deputy
(Fecha)                   (Secretario)                              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [XX] on behalf of (specify): Integon National Insurance Co.
   under: [XX] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [X] by personal delivery on (date): 5-13-14

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

118M603413044.tif - 5/5/2014 3:03:32 PM

James H. Wilkins, #116364
WILKINS, DROLSHAGEN & CZESHINSKI LLP
6785 N. Willow Ave.
Fresno, CA 93710
Telephone: (559) 438-2390
Facsimile: (559) 438-2393

Attorneys for Plaintiff, JAMIE LYNN FOLTZ

(SPACE BELOW FOR FILING STAMP ONLY)

MERCED COUNTY

2014 MAY -5  PM 2: 17

CLERK OF THE SUPERIOR COURT
BY: SHELLY REYES, DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MERCED

| | |
|---|---|
| JAMIE LYNN FOLTZ, <br><br> Plaintiff, <br><br> v. <br><br> INTEGON NATIONAL INSURANCE CO., and Does 1 through 50, inclusive. <br><br> Defendants. | Case Number **CVM018227** <br><br> COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING <br><br> [JURY TRIAL DEMANDED] |

Plaintiff JAMIE LYNN FOLTZ hereby complains and alleges as follows:

I

PARTIES

1. Plaintiff JAMIE LYNN FOLTZ are individuals who were insured under an automobile insurance policy issued by INTEGON NATIONAL INSURANCE CO.

2. Defendant INTEGON NATIONAL INSURANCE CO. ("INTEGON") is an insurance company which is authorized to an is doing business in the State of California, County of Merced.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 50, inclusive, are unknown to PLAINTIFF who therefore sues these defendants by said fictitious names pursuant to the provisions of California Code of Civil Procedure Section 474. PLAINTIFF prays leave of this Court to amend this Complaint and all subsequent pleadings to insert the true names and capacities of said fictitiously named defendants as they

WILKINS,
DROLSHAGEN &
CZESHINSKI LLP
6785 N. Willow Ave.
Fresno, CA 93710

Complaint for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing

110M603413044.tif - 5/5/2014 3:03:32 PM

become known. PLAINTIFF is informed and believes and thereon alleges that each of the defendants named herein by fictitious name is in some manner legally responsible for or liable for the events and happenings hereinafter referred to and for all damages proximately caused as hereinafter alleged.

4. At all times herein mentioned, defendants, and each of them, were acting as the agents, servants, employees, partners and/or joint venturers of all remaining defendants in doing the things herein alleged, and were acting within the course and scope of said agency, service, employment, partnership and/or joint venture.

## II

## FACTS, COMMON TO ALL CLAIMS

5. Plaintiff is insured under a written automobile policy issued by INTEGON which expressly provided coverage for the theft, loss and/or damage to PLAINTIFF's 2005 Nissan Altima, policy number CCA70032538. At all times material hereto said policy was in full force and effect. INTEGON Policy No. CCA70032538 shall hereinafter be referred to as ("THE POLICY").

6. On or about February 14, 2014, PLAINTIFF's 2005 Nissan Altima was stolen from her home. Said vehicle was subsequently located after it had been totaled in a single vehicle roll-over accident.

7. PLAINTIFF promptly notified INTEGON of the loss to her 2005 Nissan Altima.

8. At all relevant times PLAINTIFF made it clear to INTEGON and its representatives that PLAINTIFF expected and understood that the total loss of PLAINTIFF'S 2005 Nissan Altima was covered and should be paid for under the terms of THE POLICY.

9. After providing INTEGON with notice of the loss of PLAINTIFF's 2005 Nissan Altima, INTEGON commenced a course of conduct deliberately designed to delay and otherwise improperly and unfairly deprive PLAINTIFF of the full and complete benefits to which she was and is entitled under THE POLICY.

10. INTEGON's wrongful conduct included, but is not limited to, deliberately conducting an incomplete, biased and result-oriented investigation of the claim, with the intended purpose of

///

WILKNS,
DROLSHAGEN &
CZESHINSKI LLP
6785 N. Willow Ave.
Fresno, CA 93710

2

Complaint for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing

wrongfully denying Plaintiff's claim and depriving her of the benefits INTEGON knew were due and owing to PLAINTIFF.

11. INTEGON's improper and wrongful conduct also included unreasonably and deliberately conducting an improper, incomplete and result oriented investigation deliberately designed to fabricate a false and improper basis to deny coverage to PLAINTIFF and otherwise deprive her of the benefits to which she was and is entitled.

12. Moreover, inconsistent with the well-established industry standards, INTEGON refused to provide Plaintiff with the claim documents she requested, even after INTEGON expressly agreed to do so.

13. INTEGON also deliberately disregarded information and evidence which established that it had no legitimate basis to deny PLAINTIFF's claim.

14. INTEGON also deliberately misrepresented and falsely documented the substance of the information it obtained during the course of its biased investigation.

15. By way of a letter dated April 4, 2014, INTEGON denied coverage to PLAINTIFF for the loss of her 2005 Nissan Altima. At the time it denied coverage, INTEGON knew it was obligated, under applicable industry standards, to set forth in writing a complete and accurate basis of the reasons why it was denying coverage. In addition, INTEGON was aware of industry standards which required INTEGON to accurately set forth the facts upon which it was basing its decision to deny coverage.

16. In deliberate violation of the industry standards and obligations imposed upon INTEGON, INTEGON denied coverage without proper basis or proper cause and misrepresented the facts and circumstances of its investigation and status of the claim.

17. In denying PLAINTIFF's claim for benefits under THE POLICY, INTEGON intentionally misrepresented the facts for the deliberate purpose and design of wrongfully and tortiously depriving PLAINTIFF of the full and complete benefits to which she was and is entitled under THE POLICY.

18. In denying PLAINTIFF's claim for benefits, INTEGON deliberately misconstrued the facts and otherwise applied an unreasonable and unfair interpretation of the facts in an attempt

WILKINS,
DROLSHAGEN &
CZESHINSKI LLP
8765 N. Willow Ave.
Fresno, CA 93710

3

Complaint for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing

1  to justify its wrongful and tortious denial of benefits to PLAINTIFF. In fact, INTEGON's investigation was result oriented designed to supports its predetermined and improper decision to wrongfully deny the claim. Contrary to the obligations imposed upon INTEGON, its investigation was incomplete, biased, unfair and deliberately designed to search only for facts which INTEGON would use to improperly support its decision to wrongfully deny coverage and disregard any facts that would support PLAINTIFF's claim for benefits.

19. Notwithstanding PLAINTIFF's effort to supply information and evidence to INTEGON establishing that PLAINTIFF's claim was and is covered under THE POLICY, INTEGON has continuously and unreasonably denied PLAINTIFF's claim and deliberately and consciously refused to fairly and objectively review and consider the information PLAINTIFF supplied to INTEGON.

20. INTEGON's denial of PLAINTIFF's claim was done without a reasonable basis for doing so, and was based on INTEGON's intentional and purposeful refusal to fully, fairly, and properly investigate all of the facts and circumstances surrounding the loss to PLAINTIFF's 2005 Nissan Altima for the intended purpose of achieving INTEGON's desired result of saving money and denying PLAINTIFF's claim.

### III

### FIRST CAUSE OF ACTION

(Breach of Written Contract)

21. PLAINTIFF alleges and incorporates herein by reference each and every allegation contained in Paragraphs 5 through 20 herein above set forth.

22. Pursuant to the terms of THE POLICY, INTEGON was and is contractually required to pay for the total loss sustained by PLAINTIFF as a result of the loss of her 2005 Nissan Altima.

23. INTEGON has refused to failed to provide PLAINTIFF with the insurance coverage as expressly required under THE POLICY and otherwise failed and refused to timely provide PLAINTIFF with the full and complete benefits to which she is entitled under THE POLICY. Accordingly, INTEGON is in breach of the express and specific terms of the INTEGON policy.

24. As a direct and proximate result of INTEGON's breach of its contractual duties, PLAINTIFF has sustained damages in an amount which shall be established at the time of trial.

## IV

### SECOND CAUSE OF ACTION

(Breach of the Implied Covenant of Good Faith and Fair Dealing)

25. PLAINTIFF allege and incorporate herein by reference each and every allegation contained in Paragraphs 5 through 24 herein above set forth.

26. At all times herein mentioned, INTEGON agreed to act in good faith and deal fairly with PLAINTIFF. Such an agreement is consistent with the implied covenant of good faith and fair dealing implied in any contract, and especially in the contract of insurance where PLAINTIFF, as an insured under the insurance policy issued by INTEGON, is entitled to timely receive all benefits provided for under the insurance contract.

27. Included within the benefit of bargain to which PLAINTIFF was entitled was the peace of mind that INTEGON would deal fairly with PLAINTIFF in considering the claim submitted to INTEGON before rejecting and refusing to honor said claims. Another benefit of the bargain to which PLAINTIFF was entitled was the peace of mind that INTEGON would not mis-apply or misrepresent any of the terms of THE POLICY and/or facts in an effort to deny or reject PLAINTIFF's claim.

28. Another benefit of the bargain to which PLAINTIFF was entitled was the peace of mind that INTEGON would not improperly delegate its duties and responsibilities to promptly, reasonably, and in good faith, investigate claims submitted to INTEGON by PLAINTIFF and that INTEGON would give at least as much consideration to PLAINTIFF's interests as INTEGON gave to its own interest.

29. INTEGON has refused and failed, and continues to refuse and fail to act in good faith and deal fairly with PLAINTIFF by:

    (a) failing to act properly, promptly, reasonably and adequately in the investigation, consideration and handling of PLAINTIFF's claim;

///

(b) denying PLAINTIFF's claim without proper cause and without regard to the facts and circumstances of the claim;

(c) improperly delegating its duty to ensure that a proper, complete, fair and unbiased investigation was conducted and otherwise relying on patently erroneous advice of counsel, in furtherance of INTEGON's improper denial of coverage;

(d) basing its decision to deny coverage on its intent to reduce or avoid its obligations to PLAINTIFF and thereby save INTEGON monies by not paying a valid claim;

(e) during the handling and adjustment of PLAINTIFF's claim improperly treating PLAINTIFF in a rude and hostile manner, including making false and unfair accusations and otherwise attempting to intimidate and cause PLAINTIFF to give up on pursuing their claim for benefits under THE POLICY;

(f) refusing to give PLAINTIFF's interest as much consideration as INTEGON's interest;

(g) refusing to treat PLAINTIFF fairly;

(h) forcing PLAINTIFF to commence this litigation and incur attorneys fees in order to obtain the benefits to which PLAINTIFF is entitled under the express and specific terms of the INTEGON policy;

(I) engaging in the above and other conduct in contravention of INTEGON's duties and responsibilities under the law, contract, California Insurance Code §790.03(h) and the applicable fair claim practices regulations 10 CCR §2695.1 et. seq.

30. INTEGON has engaged in and continues to engage in conduct described herein and other wrongful, improper, unreasonable, illegal conduct to be shown according to proof at trial, solely to further its own economic interest in violation of INTEGON's contractual and quasi fiduciary obligations owed to PLAINTIFF.

31. As a direct and proximate result of INTEGON's actions, PLAINTIFF has incurred attorneys fees and costs in her attempt to obtain the benefits to which PLAINTIFF is entitled under the policy. The amount of these fees are increasing on an ongoing basis and as a result these damages will be established at the time of trial.

32. As a direct and proximate result of INTEGON's conduct, PLAINTIFF has suffered mental and emotional distress and discomfort in an amount not yet fully ascertained, but in excess

///

WILKINS,
DROLSHAGEN &
CZESHINSKI LLP
8785 N. Willow Ave,
Fresno, CA 93710

6

Complaint for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing

of the jurisdictional minimum limits of this court. PLAINTIFF has also suffered damages in the form of being denied the full and complete benefits to which she was entitled under THE POLICY, as well as additional economic damages.

33. INTEGON is not only continuing to ignore its obligation under THE POLICY, but is setting forth in a course of conduct with the intent to deliberately harm PLAINTIFF and constitutes a continuing tort causing PLAINTIFF to continue to suffer damages as described herein above beyond the date of the filing of this action.

34. The conduct of INTEGON, as herein alleged, was done with fraud, malice, oppression as defined in California Civil Code § 3294, in that said conduct was intended to cause harm to PLAINTIFF and was done to annoy, harass and injure PLAINTIFF in said conduct was despicable and was carried out with willful and conscious disregard for the rights of PLAINTIFF, thereby subjecting PLAINTIFF to cruel and unjust hardship. PLAINTIFF is informed and believes, and thereon alleges that the acts of fraud, malice and oppression on the part of INTEGON, are on the part of its officers, directors, or managing agents of INTEGON and/or were ratified by INTEGON. Therefore, PLAINTIFF is entitled to recover exemplary damages from INTEGON pursuant to Civil Code § 3294, in an amount to be shown according to proof at the time of trial, to punish and deter INTEGON from engaging in continued acts such as exhibited towards PLAINTIFF.

WHEREFORE, PLAINTIFF prays for judgment against Defendants and for damages as follows:

1. for general, special, economic and consequential damages, according to proof;
2. for punitive damages;
3. for attorneys fees and costs;
4. for pre-judgment interest;
5. for cost of suit herein incurred; and
6. for such other and further relief as this Court may deem just and proper.

Dated: May 5, 2014

WILKINS, DROLSHAGEN & CZESHINSKI LLP

By _____
James R. Wilkins
Attorneys for Plaintiff, JAMIE LYNN FOLTZ

7

Complaint for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing

WILKINS, DROLSHAGEN & CZESHINSKI LLP
6785 N. Willow Ave.
Fresno, CA 93710

**DEMAND FOR JURY TRIAL**

Plaintiff JAMIE LYNN FOLTZ hereby demands a trial by jury on all issues so triable.

Dated: May 5, 2014

WILKINS, DROLSHAGEN & CZESHINSKI LLP

By _____
James H. Wilkins
Attorneys for Plaintiff, JAMIE LYNN FOLTZ

WILKINS,
DROLSHAGEN &
CZESHINSKI LLP
6785 N. Willow Ave.
Fresno, CA 93710

8

Complaint for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF MERCED<br><br>627 W 21st St<br>Merced, California 95340<br>(209) 725-4100 | Reserved for Clerk's File Stamp<br><br>FILED<br>MERCED COUNTY<br><br>2014 MAY -5 PM 2: 27<br><br>CLERK OF THE SUPERIOR COURT<br>BY SHELLY REYES |
|---|---|
| Jamie Lynn Foltz,<br>Plaintiff<br><br>vs.<br><br>Integon National Insurance,<br>Defendant | 9-19-14<br>10-6-14 |
| **NOTICE OF CASE MANAGEMENT CONFERENCE**<br>**NOTICE OF INCLUSION IN DELAY REDUCTION PROGRAM** | Case No. CVM018227 |

To all Parties and their Attorneys of Record:

Please take notice that the above-entitled action has been included in this Court's Delay Reduction Program. Local Rule 4 will hereafter apply to this action. Our Local Rules may be reviewed on-line at www.merced.courts.ca.gov. You are required to comply with the guidelines for program cases as set forth in the above referenced Local Rule and the applicable California Rules of Court (CRC), including Rules 3.720-3.735.

You are further advised that a Case Management Conference (CMC) in the above action has been scheduled, per Rule 4(b)(1)(a), for:

October 6, 2014 at 10:00 am in Courtroom 8

Plaintiff must serve this Notice on all Parties to this action at the same time the Complaint is served. Failure to do so may cause unnecessary delay to this action.

Parties desiring to appear telephonically at the CMC shall comply with CRC, Rule 3.670 and Local Rule 4, and are responsible for making timely arrangements with CourtCall, LLC. CourtCall, LLC may be reached at (888) 882-6878. Notices of Telephonic Appearance may be placed on the CMC Statement or may be filed independently with the Court NOT LESS THAN THREE (3) COURT DAYS prior to the CMC. A Notice of Telephonic Appearance is deemed valid on any subsequent, continued CMCs.

**PURSUANT TO CRC, RULE 3.724, THE PARTIES MUST MEET AND CONFER NO LATER THAN 30 DAYS PRIOR TO THE CMC.**

A CMC Statement shall be filed with the Court no later than 15 days prior to the date set for the CMC. Parties shall use Judicial Council form CM-110 (CRC 3.725). This form is available at the Court Clerks Office or on-line at www.courtinfo.ca.gov.

If you have any further questions regarding this Notice, please contact the undersigned at the number indicated above.

James Wilkins
7740 6785 N. Willow Ave.
Fresno, CA  93710

Date: May 5, 2014                            Linda Romero Soles, Court Executive Officer
                                                             SHELLY REYES
Shelly M. Reyes                              By:
Printed Name                                    Deputy Clerk

Case Mgmt Conference                  Page 1 of 1                         CVM018227

118MG03413044.tif - 5/5/2014 3:03:32 PM

James H. Wilkins, #116364
WILKINS, DROLSHAGEN & CZESHINSKI LLP
6785 N. Willow Ave.
Fresno, CA 93710
Telephone: (559) 438-2390
Facsimile: (559) 438-2393

Attorneys for Plaintiff, JAMIE LYNN FOLTZ

(SPACE BELOW FOR FILING STAMP ONLY)

6-12-14

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF MERCED

| | |
|---|---|
| JAMIE LYNN FOLTZ,<br><br>    Plaintiff,<br><br>v.<br><br>INTEGON NATIONAL INSURANCE CO., and Does 1 through 50, inclusive.<br><br>    Defendants. | Case Number CVM018227<br><br>C.C.P. §998 OFFER TO COMPROMISE AND NOTICE OF ACCEPTANCE |

TO DEFENDANT, INTEGON NATIONAL INSURANCE CO. AND TO ITS ATTORNEY OF RECORD:

In full settlement of this action, Plaintiff, JAMIE LYNN FOLTZ, hereby offers to have judgment taken against INTEGON NATIONAL INSURANCE CO. and for Plaintiff JAMIE LYNN FOLTZ, in the above-entitled action for the sum of Forty Thousand Dollars ($40,000.00) each party to bear its own costs and attorneys' fees.

If you accept this Offer, please date and sign the accompanying Notice of Acceptance and file the Offer and Notice of Acceptance in the above-entitled Court prior to trial or within 30 days after the Offer is made, whichever occurs first, or else it will be deemed withdrawn.

Dated: May 9, 2014        WILKINS, DROLSHAGEN & CZESHINSKI LLP

By_____
James H. Wilkins
Attorneys for Plaintiff, JAMIE LYNN FOLTZ

WILKINS,
DROLSHAGEN &
CZESHINSKI LLP
6785 N. Willow Ave.
Fresno, CA 93710

C.C.P. §998 OFFER TO COMPROMISE AND NOTICE OF ACCEPTANCE

## NOTICE OF ACCEPTANCE OF OFFER TO COMPROMISE

TO PLAINTIFF, JAMIE LYNN FOLTZ, AND TO HER ATTORNEY OF RECORD:

NOTICE IS HEREBY GIVEN that Defendant INTEGON NATIONAL INSURANCE CO. accepts the C.C.P. §998 Offer to Compromise made by Plaintiff in the above-entitled action for the sum of Forty Thousand Dollars ($40,000.00), in exchange for each of the following:

1. The entry of a Request for Dismissal with prejudice of the entire action on behalf of the Plaintiff, JAMIE LYNN FOLTZ; and

2. Each party to bear their respective own costs and attorney's fees.

Dated: _____

By_____

WILKINS,
DROLSHAGEN &
CZESHINSKI LLP
8785 N. Willow Ave.
Fresno, CA 93710

2

C.C.P. §998 OFFER TO COMPROMISE AND NOTICE OF ACCEPTANCE