James H. Wilkins, #116364  (SPACE BELOW FOR FILING STAMP ONLY)
WILKINS, DROLSHAGEN & CZESHINSKI LLP
6785 N. Willow Ave.
Fresno, CA 93710
Telephone: (559) 438-2390
Facsimile: (559) 438-2393

Attorneys for Plaintiff, JAMIE LYNN FOLTZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA-FRESNO

| | |
|---|---|
| JAMIE LYNN FOLTZ,<br><br>Plaintiff,<br><br>v.<br><br>INTEGON NATIONAL INSURANCE CO., and Does 1 through 25, inclusive.<br><br>Defendants. | Case Number 1:14CV00907<br><br>**NOTICE OF MOTION AND MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Hearing Date: August 8, 2014<br>Time:         9:30 a.m.<br>Courtroom:    6<br>Magistrate:   Michael J. Seng |

## NOTICE

Please take notice that on (insert date, time, and courtroom number), Jamie Lynn Foltz ("Foltz") will move the Court for an order under 28 U.S.C. 1447(c) to remand this lawsuit to the California Superior Court for the County of Merced based on lack of subject matter jurisdiction.

Plaintiff's will also move under 28 U.S.C 1447(c) for an order requiring that Integon pay the costs, including attorney's fees, incurred as a result of Integon's removal.

This motion is based on this notice, the memorandum of points and authorities, the

///

///

///

1 | Declaration of James Wilkins, the C.C.P. § 998 settlement offer, and the pleadings on file in this
2 | action.
3 |     Dated:    June 20, 2014.

WILKINS, DROLSHAGEN & CZESHINSKI LLP

By   /s/James H. Wilkins

James H. Wilkins
Attorneys for Plaintiff JAMIE LYNN FOLTZ

WILKINS,
DROLSHAGEN &
CZESHINSKI LLP
6785 N. Willow Ave.
Fresno, CA 93710

Notice of Motion and Motion to Remand

2

Case No. 1:14CV00907

James H. Wilkins, #116364
WILKINS, DROLSHAGEN & CZESHINSKI LLP
6785 N. Willow Ave.
Fresno, CA 93710
Telephone: (559) 438-2390
Facsimile: (559) 438-2393

(SPACE BELOW FOR FILING STAMP ONLY)

Attorneys for Plaintiff, JAMIE LYNN FOLTZ

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA-FRESNO

| | |
|---|---|
| JAMIE LYNN FOLTZ,<br><br>　　　　Plaintiff,<br><br>v.<br><br>INTEGON NATIONAL INSURANCE CO., and Does 1 through 25, inclusive.<br><br>　　　　Defendants. | Case Number 1:14CV00907<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Hearing Date: August 8, 2014<br>Time:　　　　9:30 a.m.<br>Courtroom:　　6<br>Magistrate:　　Michael J. Seng |

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.　Introduction**

This case arises out of Integon's failure and refusal to pay for the damages resulting from the theft and destruction of Plaintiff's 2005 Nissan Altima. Integon removed this matter without submitting any competent evidence to the Court that demonstrates the amount in controversy meets the jurisdictional threshold of $75,000, or that there is diversity of citizenship required by 28 U.S.C. § 1332(a). Indeed Integon completely ignores the fact that, at the time the Complaint was served, Integon also received a settlement demand wherein Plaintiff agreed to settle this matter for $40,000. Therefore, due to Integon's failure to submit sufficient evidence of subject

matter jurisdiction to the Court remand is warranted. Plaintiff respectfully requests that this matter be remanded to the Merced County Superior Court. In addition, Plaintiff is entitled to an award of attorney's fees for having to prepare and file this motion.

## II. Integon has failed to demonstrate, through competent evidence, that the amount in controversy exceeds $75,000.

Integon has failed to establish that the amount in controversy exceeds the jurisdictional minimum required by 28 U.S.C. § 1332(a). Where the parties in an action are citizens of different states, a district court should have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). This amount includes claims for general and special damages, attorney's fees if recoverable by statute or contract, and punitive damages if recoverable as a matter of law. *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998). When a complaint does not specify the amount sought as damages, the party seeking removal must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional minimum. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). Ms. Foltz's complaint did not provide for a specific amount of damages, so the burden of proof shifts to Integon.

If a defendant improperly removes a case to a district court that does not have subject matter jurisdiction, the district court should remand the case back to state court. 28 U.S.C. § 1447(c). When a district court reviews a motion to remand, it must analyze jurisdiction "on the basis or the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (citation omitted). The removal statute is "strictly construed against removal" and the defendant bears the burden of showing that removal is proper. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 852 F.3d 1083 (9th Cir. 2009). When there is doubt as to whether or not the right to removal exists, the case should be remanded back to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319F.3d 1089, 1090 (9th Cir. 2003). Integon's notice of removal lacks any supporting evidence, while providing only conclusory statements of possible damages.

1  Therefore, Integon has not met the burden of proof required for removal.

**A.  Integon has not established that the policy benefits at issue exceed $10,000.**

In insurance claim matters, the jurisdictional amount in controversy is best measured by looking at the underlying claim. *See Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997). In the present case, the underlying claim is for policy benefits because of a stolen 2005 Nissan Altima. Integon's notice of removal is completely silent as to the estimated amount of policy benefits at issue resulting from a claim for a stolen 2005 Nissan Altima.

Presumably, Integon, as an insurer of automobiles, has the ability to provide an estimate of the reasonable value of a 2005 Nissan Altima. According to Kelly Blue Book, a 2005 Nissan Altima with 100K miles has a maximum value of $9,162, if it is in excellent condition, and an average value of $8,562, if it is in good condition. *(See 2005 Nissan Altima*, KELLY BLUE BOOK, http://www.kbb.com/nissan/altima/2005-nissan-altima/35-sl-sedan-4d/? category= & intent=trade-insell&pricetype=privateparty &condition=good& persistedcondition= good& options=537014|true&path =&vehicleid= 1361&mileage = 100000). Again it is Integon's burden, and it has failed to establish how the policy benefits at issue exceed $10,000. Instead, Integon's notice of removal merely states that the Complaint calls for the amount that Ms. Foltz was due under the policy. This conclusory statement fails to meet the burden of proof.

**B.  Integon has not submitted evidence as to what the attorney's fees were at the time of removal.**

California law allows for the insured to recover attorney's fees incurred in obtaining benefits that were tortuously withheld by the insurer. *Brandt v. Superior Court*, 37 Cal. 3d 813, 816-19. Integon suggests that the Court should consider these attorney's fees in determining subject matter jurisdiction, but fails to submit any evidence of what the Ms. Foltz's attorney's fees were at the time of removal. *See Sparta Surgical*, 115 F.3d at 1213 (holding that the amount in controversy is determined at the date of removal). Instead, the notice of removal simply points out that Ms. Foltz alleged to have incurred attorney's fees in the complaint. This statement is far too vague to establish subject matter jurisdiction. *See Conrad*, 994 F.Supp. at 1200. However, even if Integon did submit evidence of attorney's fees, those fees would undoubtedly be minimal

3

because, at the time of removal, the only legal work performed for Ms. Foltz was preparation of the complaint.

### C. Integon has failed to submit any evidence of what a likely punitive damage award is in this case.

Integon asserts that the punitive damages requested in the complaint establish subject matter jurisdiction. However, the notice of removal does not provide any basis for the Court to predict what the likely punitive damages could be. Integon only notes that Ms. Foltz prayed for punitive damages in the complaint. Because it bears the burden of proof, Integon was required to provide the Court with evidence that punitive damages would contribute to the amount in controversy exceeding $75,000. Even if Integon did provide evidence of past awards of punitive damages, "[i]t would be inherently speculative for this Court to conclude that the amount in controversy requirement can be met by simply asserting that large punitive damage awards have been awarded in the past against insurance companies" for a bad faith failure to pay claims. *Conrad*, 994 F.Supp. at 1201. Nevertheless, Integon failed to provide any evidence, so it did not meet its burden of proof on this issue.

### D. Integon has failed to submit evidence as to what likely emotional distress damages are in this case.

Integon also asserts that the Ms. Foltz's request for emotional distress damages establish that the jurisdictional threshold has been met. Integon's notice of removal does not provide the Court with any sound basis to estimate a potential award of these damages. Just citing the complaint is far too vague and does not prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

### E. Ms. Foltz' C.C.P. § 998 Offer to Compromise of $40,000 further establishes that at the time the notice of removal was filed the amount in controversy did not exceed $75,000.

"A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Ms. Foltz provided Integon with a C.C.P. § 998 settlement offer of $40,000, an amount that is far less than the $75,000 minimum required by this Court. (Please see Plaintiff's

4

C.C.P. § 998 settlement demand, which was served on Integon with the complaint, and which was included as part of Exhibit A to the Notice of Removal.) Moreover, as noted above, the amount in controversy is best measured by looking to the underlying claim in the dispute. *See Higashiguchi*, 109 F.3d at 1473. This entire dispute is based on the policy benefits for a 2005 Nissan Altima, which is likely less than $10,000. In light of the minimal policy benefits in dispute, Ms. Foltz's offer of $40,000 is a very reasonable estimate of her claim at the time the Notice of Removal was filed. This settlement offer, along with Integon's complete lack of evidence, definitively establishes that Integon had not met its burden of establishing that the amount in controversy, at the time of removal, exceeded the jurisdictional minimum of $75,000.

### III. Integon failed to prove diversity of citizenship

"The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). This party must support its allegations of jurisdictional fact with "competent proof." *Id.* at 96-97. Integon failed to provide the Court with the "competent proof" required to support its conclusion that there is diversity of citizenship. Merely providing a conclusory statement alleging that the company is incorporated in Delaware and has its principal place of business in North Carolina is not enough to settle the issue of jurisdiction. Just like the amount in controversy, Integon was required to submit evidence, such as a declaration or affidavit from a company official, providing definitive proof that there is diversity between the parties. *See United Computer Sys. V. AT&T Info. Sys.*, 298 F.3d 756, 763 (9th Cir. 2002). Instead, Integon did not provide any evidence supporting their conclusory claim of diversity, so they did not meet their burden of proof.

### IV. Ms. Foltz is entitled to an award of her costs and attorney's fees for filing this motion to remand.

Pursuant to 28 U.S.C. § 1447(c), if the removing party lacks an objectively reasonable basis for seeking removal, federal courts may order the defendant to pay plaintiff's "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136. Integon bears the burden of proving that removal is proper, but their notice of removal is completely void of any evidence that establishes at the time

of removal, there is diversity or that the amount in controversy exceeds the $75,000 minimum. The removal notice merely recites portions of Ms. Foltz's complaint and asks the Court to blindly conclude the amount in controversy surpasses the $75,000 threshold. Furthermore, this notice of removal came after Integon received a settlement offer of $40,000, a number that is far below the jurisdictional minimum.

In light of the settlement offer and the complete lack of evidence, it is difficult to see why Integon even attempted to remove this case. Accordingly, Integon did not have an objectively reasonable basis for seeking removal. Plaintiff requests a total award of $2,800 for the attorney's fees in responding to Integon's removal. *See* Declaration of James H. Wilkins.

## V.  Conclusion

There is a strong presumption against removal jurisdiction. As the removing party, Integon was required to prove that the district court had subject matter jurisdiction by a preponderance of evidence. Integon did not even attempt to meet this burden, and submitted no evidence to show that the jurisdictional limits were satisfied or that there was diversity between the parties. Consequently, Ms. Foltz respectfully requests that this matter be remanded to the Merced County Superior Court because of the lack of subject matter jurisdiction, and that the Court reimburse her for the attorney's fees in the sum of $2,800.00.

Dated: June 20, 2014

WILKINS, DROLSHAGEN & CZESHINSKI LLP

By: /s/James H. Wilkins
James H. Wilkins
Attorneys for Plaintiff JAMIE LYNN FOLTZ