UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE LYNN FOLTZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INTEGON NATIONAL INSURANCE CO., and DOES 1–50, inclusive,<br><br>　　　　Defendants. | No. 1:14–cv–00907–KJM–MJS<br><br><br><br>ORDER |

　　　　This matter is before the court on plaintiff Jamie Lynn Foltz's ("plaintiff") motion to remand this case to the Merced County Superior Court. Pl.'s Mot. Remand ("Mot."), ECF No. 5. Defendant Integon National Insurance Co. ("defendant") opposes the motion. Def.'s Opp'n ("Opp'n"), ECF No. 13. The motion was submitted without argument, and the court now GRANTS the motion without costs or attorneys' fees incurred as a result of defendant's removal.

I.　　PROCEDURAL BACKGROUND

　　　　On or about May 5, 2014, plaintiff filed a complaint in the Merced County Superior Court alleging two claims, both stemming from the theft and destruction of plaintiff's 2005 Nissan Altima: (1) breach of written contract by failing to provide plaintiff insurance coverage as required by plaintiff's insurance policy; and (2) breach of the implied covenant of good faith and fair dealing by improperly and unfairly handling plaintiff's claim. Def.'s Notice of Removal, Compl., Ex. A ("Compl."), ECF No. 1-1. Plaintiff seeks general, special, economic

1

and consequential damages, as well as punitive damages and attorneys' fees. Compl. ¶ 34. Plaintiff provided defendant with a "section 998"[1] settlement offer of $40,000 signed May 9, 2014, ECF No. 1-1 at 12; defendant did not accept it. Mot. at 4–5.

On June 11, 2014, defendant removed the action to this court, invoking the court's jurisdiction under 28 U.S.C. § 1332(a). Def.'s Notice of Removal, ECF No. 1. On June 20, 2014, plaintiff filed the instant motion to remand, which included a request for $2,800 in attorneys' fees for the cost of the motion. Mot. Defendant filed its opposition on July 21, 2014. On July 25, 2014, plaintiff filed a reply in support of the motion to remand along with several objections to evidence offered in defendant's opposition brief, Pl.'s Reply, ECF No. 15, and on August 5, 2014, defendant filed a response to plaintiff's objections. Def.'s Resp., ECF No. 17.

On September 12, 2014, plaintiff filed a notice that the jurisdictional requirement minimum limit had been met, allegedly reaching a conclusion contrary to her motion to remand after engaging in discovery.[2] ECF No. 24.

II.     ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges as follows: Plaintiff is insured under an insurance policy issued by defendant. Compl. ¶ 5. Plaintiff complied with all required conditions to maintain her insurance coverage. *Id.* ¶¶ 5, 7. Defendant is contractually obligated to compensate plaintiff for the loss of her vehicle and defendant has breached the written insurance policy contract by denying plaintiff insurance coverage. *Id.* ¶¶ 22, 23. Plaintiff also alleges breach of the implied covenant of good faith and fair dealing. *Id.* ¶ 29. Defendant has ignored its obligations under the

---

[1] Section 998 incentivizes settlement of cases by imposing penalties and fees on parties that fail to obtain a judgment more favorable than the settlement offer. CAL. CIV. PROC. CODE § 998.

[2] The court notes the parties no longer contest whether the amount in controversy is met in this action. However, the court must *sua sponte* satisfy itself that jurisdiction exists. *Bernhardt v. Cnty. of L.A.*, 279 F.3d 862, 868 (9th Cir. 2002). Under 28 U.S.C. § 1446(b)(2), the amount in controversy is met "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." Further, jurisdiction is determined from the pleadings as they exist at the time a petition for removal is filed. *Eagle v. Am. Tel. & Tel. Co.*, 769 F.2d 541, 545 (9th Cir. 1985). Accordingly, the court will consider whether the amount in controversy is met by a preponderance of the evidence. In light of plaintiff's concession that the amount of controversy has been met, the court will refer exclusively to defendant's arguments.

1  insurance policy and intentionally deprived plaintiff of the full and complete benefits that plaintiff
2  is entitled to under her policy.  *Id.* ¶¶ 11, 33.

3  III.    LEGAL STANDARD

4  The removal statute provides: "[A]ny civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction" may be removed by a defendant to a federal district court.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and where there is complete diversity between the parties.  28 U.S.C. § 1332(a).

10  The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  There is a "strong presumption" against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper."  *Id.*  Accordingly, "the court resolves all ambiguity in favor of remand to state court."  *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

19  IV.    DISCUSSION

20  The parties still dispute whether the diversity of citizenship requirement is satisfied.  However, because the court finds the amount in controversy issue is dispositive, the court need not address the issue of diversity.

23  /////
24  /////
25  /////
26  /////
27  /////
28  /////

3

Defendant argues it has met its burden of proving the amount in controversy by a preponderance of the evidence.  Defendant offers the following calculations in support of its argument:

```
Contract Damages (Value of 2005 Altima (average))...... $8,862.00
General Damages (Emotional Distress) ........................ $25,000.00
Attorneys' Fees (Conservative Estimate) ...................... $25,600.00
Punitive Damages (minimum 1:1) ............................... $59,462.00³
TOTAL ................................................................... $118,924.00
```

Alternatively, backing the future attorneys' fees out of the equation, and increasing the projected punitive damages in light of the case of *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209 (7th Cir. 1995), discussed below:

```
Contract Damages (Value of 2005 Altima (average))..... $8,862.00
General Damages (Emotional Distress) ........................ $25,000.00
Attorneys' Fees (Conservative Estimate) ....................... $2,800.00
Punitive Damages (2:1) ................................................ $73,324.00
TOTAL ................................................................... $109,986.00
```

Opp'n at 12.

When the complaint, as here, does not specify the amount of damages sought, the burden is on the removing defendant to show by a preponderance of the evidence that the amount in controversy is satisfied. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  That is, the removing defendant must provide evidence establishing it is "more likely than not" the amount in controversy exceeds the jurisdictional amount.  *Id.*

The amount in controversy requirement is determined by the amount of damages involved in the action.  *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). This may include general, special and punitive damages, attorneys' fees and costs of equitable relief.  *Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("The amount in controversy includes claims for general and special damages (excluding costs and interests), including attorney[] fees, if recoverable by statute or contract, and punitive damages, if recoverable as a matter of law.").  In a dispute over insurance coverage, the amount in

/////

---

[3] Defendant incorrectly calculates the total as $49,562.  Opp'n at 9.

4

controversy is best measured by looking to the underlying claim in the dispute. *Budget Rent-A-Car v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997).

For the reasons discussed below, defendant's attorneys' fees and punitive damages calculations are insufficient to reach the required amount in controversy. This failure is dispositive.

A.   Attorneys' Fees

Defendant includes in its calculation of the amount in controversy an estimated total of $25,600 in attorneys' fees, which includes those incurred at the time of removal as well as prospective fees. Opp'n at 7–8; *see also* Compl. ¶ 34 (plaintiff seeks to recover attorneys' fees incurred in obtaining damages from defendant).

To include attorneys' fees in calculating the amount in controversy, those fees must be recoverable by statute or contract whether the fee award is mandatory or discretionary. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Here, California law allows for the recovery of attorneys' fees from an insurer in a tort action. *Brandt v. Superior Court*, 37 Cal. 3d 813, 816–19 (1985).

The court finds that defendant may not, however, include future attorneys' fees in the amount in controversy in light of the instant record. *See* Opp'n at 7. District courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See, e.g.*, *MIC Philberts Invs. v. Am. Cas. Co. of Reading, Pa.*, No. 1:12–cv–0131 AWI BAM, 2012 WL 2118239, at *5 (E.D. Cal. June 11, 2012) (Explaining "[w]hile the Ninth Circuit Court of Appeals has not yet spoken on the issue, . . . it appears that a nascent consensus may be emerging among the district courts of this Circuit, finding that attorneys' fees not yet incurred may not be included in the amount in controversy calculation."). As in *MIC Philberts*, the court need not reach the issue here because, as explained below, defendant's calculations are too speculative to support its estimate. *Id.* at *5; *see Scalzo v. Allied Prop. & Cas. Ins. Co.*, No. 1:11–cv–00612 LJO GSA, 2011 WL 2709001, at *4 (E.D. Cal. July 11, 2011) (recommending granting motion for remand, reasoning in part that defendant's "prediction that an award of attorney fees could be significant is too vague to establish subject

5

1   matter jurisdiction." (citing *Galt G/S*, 142 F.3d at 1156; *Conrad Assocs.*, 994 F. Supp. at 1200)),
2   *report and recommendation adopted*, 2011 WL 3418806 (E.D. Cal. July 27, 2011).

3   As a general rule, speculative and conclusory allegations as to the amount in
4   controversy are inadequate for jurisdictional purposes. *Matheson v. Progressive Specialty Ins.*
5   *Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003). Federal jurisdiction is determined at the time when
6   the case is first filed in federal court and is not changed by subsequent events. *Grieff v. Brigandi*
7   *Coin Co.*, No. C14–214 RAJ, 2014 WL 2608209, at *3 (W.D. Wa. June 11, 2014) (citing
8   *Matheson*, 319 F.3d at 1090). Unlike prospective attorneys' fees, future damages such as lost
9   income relate back to the original injury or harm. *Id.* In contrast, attorneys' fees are in the
10  control of the client and counsel and may be avoided or accrue over years depending on legal
11  strategy. *Id.*

12  The attorneys' fees accrued by plaintiff in this case up to the time the action was
13  removed are uncertain. Opp'n at 7. Defendant estimates it will take fifty hours for plaintiff's
14  counsel to litigate this action. *Id.* at 8. Defendant multiplies fifty hours by plaintiff's counsel's
15  $400 hourly rate to arrive at an estimated $22,800 in future attorneys' fees. *Id.* The reliance on a
16  speculative estimate of future attorneys' fees raises doubt as to defendant's right of removal. *See,*
17  *e.g.*, *Matheson*, 319 F.3d at 1090–91.

18  Accordingly, future attorneys' fees in the estimated amount of $22,800, Opp'n at
19  8, may not be included in the amount in controversy calculation. *Gaus*, 980 F.2d at 566.

20  B.   Punitive Damages

21  In support of its calculation of punitive damages ranging from $59,462 to $73,324,
22  defendant relies on a Seventh Circuit case that establishes a two-part test for determining punitive
23  damages. Opp'n at 8 (citing *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209 (7th Cir.
24  1995)). The second prong of the test places the burden on the plaintiff to show "beyond a legal
25  certainty" that plaintiff would not be entitled to recover the jurisdictional amount. *Id.*

26  However, the test has not been used in the Ninth Circuit. *Cf. Nasiri v. Allstate*
27  *Indem. Co.*, 41 F. App'x 76, 78 (9th Cir. 2002) (considering the reasonableness of defendant's
28  estimated punitive damages); *Campbell v. Hartford Life Ins., Co.*, 825 F. Supp. 2d 1005, 1008

6

(E.D. Cal. 2011) (inquiring only whether punitive damages are recoverable under state law and then determining if the estimated punitive damages are a reasonable approximation). Moreover, the test ignores the well-established presumption against removal and the burden on the removing party to always show removal is proper. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988); *Conrad Assoc.*, 994 F. Supp. at 1198; *Gaus*, 980 F.2d at 566.

While punitive damages may be considered in determining the amount in controversy when they are recoverable as a matter of law, *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001), the mere fact a complaint seeks punitive damages is insufficient to meet the amount in controversy requirement. *Bigby v. DS Waters of Am. Inc.*, No. CV 12–01362 MMM (CWx), 2013 WL 394876, at *4 (C.D. Cal. Jan. 30, 2013) (citation omitted); *Conrad Assoc.*, 994 F. Supp. at 1201. In some cases, a defendant may introduce evidence of jury verdicts from other cases with analogous facts to establish probable punitive damages. *Soto v. Kroger Co.*, No. SACV 12–0780–DOC (RNBx), 2013 WL 3071267, at *2 (C.D. Cal. June 17, 2013) (citing *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002)). But in insurance bad faith actions such as this one, reliance on previous awards of punitive damages to satisfy the amount in controversy requirement is inherently speculative. *Conrad Assoc.*, 994 F. Supp. at 1201.

Here, plaintiff seeks punitive damages under California Civil Code section 3294 for breach of the implied covenant of good faith and fair dealing. Compl. ¶ 34. While punitive damages are available under the statute, defendant has not met its burden of showing the amount of likely punitive damages satisfies the amount in controversy requirement. Defendant asserts that using a ratio of 1:1 between punitive and compensatory damages, or 2:1 if prospective attorneys' fees are not included, is enough to satisfy the amount in controversy. Opp'n at 10. However, as noted, merely stating a complaint seeks punitive damages, which may ultimately be a large sum of money, does not satisfy defendant's burden. *Conrad Assoc.*, 994 F. Supp. at 1201. The defendant has not, as it must, included facts to support the conclusion punitive damages could actually increase the amount in controversy. *Id.*

/////

1          Defendant also ignores plaintiff's $40,000 offer under section 998, made prior to
2   removal. ECF. No. 1-1 at 12. The settlement offer is relevant tangible evidence of the amount in
3   controversy in the case. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *Budget Rent-*
4   *A-Car*, 109 F.3d at 1473. A $40,000 settlement offer is reasonable considering both parties agree
5   the value of plaintiff's vehicle is likely less than $10,000. Mot. at 7; Opp'n at 6. The underlying
6   $10,000 claim is in fact the best measurement for determining the amount in controversy. *Budget*
7   *Rent-A-Car*, 109 F.3d at 1473. But even using the $40,000 offer, it is still well below the $75,000
8   amount in controversy requirement. Defendant has provided nothing more than speculative
9   assertions that the actual amount in controversy is greater than $75,000. The court must resolve
10  the matter in favor of remand to state court. *Hunter*, 582 F.3d at 1042.
11         For these reasons, defendant's calculations with regard to future attorneys' fees of
12  approximately $22,800 and punitive damages ranging from $59,462 to $73,324 are not properly
13  used in determining the amount in controversy. Even assuming defendant's other calculations are
14  properly considered, in the amounts of $8,862 for contractual damages and $25,000 for emotional
15  distress, these calculations when combined do not reach the jurisdictional requirement of $75,000.
16         Accordingly, the court is not satisfied that a preponderance of the evidence
17  supports subject matter jurisdiction over this action.
18  V.     ATTORNEYS' FEES FOR MOTION TO REMAND
19         Plaintiff seeks to recover attorneys' fees for its motion to remand. Mot. at 5–6.
20  Defendant opposes this motion, arguing that awarding attorneys' fees is improper because it has
21  presented an "objectively reasonable" basis for removal. Opp'n at 12.
22         The federal removal statute provides that "an order remanding the case may
23  require payment of just costs and any actual expenses, including attorney fees, incurred as a result
24  of the removal." 28 U.S.C. § 1447(c). The Supreme Court has limited courts' discretion in
25  awarding attorneys' fees, absent "unusual circumstances," to cases in which "the removing party
26  lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*,
27  546 U.S. 132, 141 (2005). When considering a motion to award fees alongside a motion to
28  remand for lack of federal subject matter jurisdiction, "district courts retain discretion to consider

whether unusual circumstances warrant a departure from the rule" that attorneys' fees are to be awarded only where there was no objectively reasonable basis for a defendant to attempt removal. *Id.*

In light of plaintiff's recent notice stating the jurisdictional requirement minimum limit has been met, the court finds it was not unreasonable for defendant to argue in favor of federal jurisdiction relying on punitive damages and future attorneys' fees.  See ECF No. 24 ("Plaintiff also submits the evidence will result in a substantial punitive damage award against [defendant]."); *Martin*, 546 U.S. at 141 ("the standard for awarding fees should turn on the reasonableness of the removal").  The court's denial of removal jurisdiction does not mean defendant "lacked an objectively reasonable basis for seeking removal" in the first place. *Martin*, 546 U.S. at 141.  Therefore, the court declines to award attorneys' fees to plaintiff.

VI.     CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is GRANTED and the case is remanded to the Merced County Superior Court.

IT IS SO ORDERED.

Dated:  October 2, 2014.

_____
UNITED STATES DISTRICT JUDGE